**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MARCKENSON CERMONT** | : | **DOCKET NO. 2:06-cv-870**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **DIRECTOR OF IMMIGRATION &**<br>**CUSTOMS ENFORCEMENT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Currently before the court is a "Motion to Dismiss" [doc. 12] filed on behalf of the respondents in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, Marckenson Cermont, on May 24, 2006 challenging his continued detention in post-removal-order custody. The petition alleges that Petitioner has been under a removal order which became final on May 11, 2005 and that he has been in post-removal-order detention since that time. He claims that there is no significant likelihood of removal in the reasonably foreseeable future.

In response to this petition, the government filed the "Motion to Dismiss" which is currently before the court. In support of this motion, the government presents documentation which establishes that the petitioner was released from post-removal-order detention by means of his removal to Haiti on August 14, 2006. *See* Doc. 12, Exhibit A.

At the time that this petition was filed, the petitioner was in detention pursuant to the

statutory authority of § 241 of the INA, and he sought to have the court review his post-removal-order detention.  However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that the "Motion to Dismiss" [doc. 12] be GRANTED and that this petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 15, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE